PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VLADIMIR VLADIMIROVICH BRIK, | ) |
| | ) CASE NO. 4:20CV1825 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| C. McCONNELL, *et al.*, | ) |
| | ) **MEMORANDUM OPINION AND** |
| Defendants. | ) **ORDER** |

*Pro se* Plaintiff Vladimir Vladimirovich Brik, a federal inmate incarcerated at FCI Elkton, has filed an *in forma pauperis* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1] against Corrections Officer Mr. Nestle, RN C. McConnell, and Dr. J. Dunlop each of whom work for the Federal Bureau of Prisons. ECF No. 1-2. Plaintiff asserts that he also brings this action against the "acting Warden, Assistant Warden, and Medical Supervisor" and the Bureau of Prisons ("BOP") on theories they failed to properly train and supervise with respect to prisoner medical care. ECF No. 1-2 at PageID #: 9. For the reasons stated below, the complaint is dismissed.

**I. Background**

Plaintiff's complaint pertains to Defendants' response to a "medical emergency" he had on June 23, 2018. ECF No. 1-2 at PageID #: 8. Defendant alleges he woke up from a nap at around 7:30 p.m., noticed that he was extremely fatigued, and had chest and abdominal pains and an irregular heartbeat. *Id*. On the advice of other inmates, he left his Unit to find a Corrections

---

[1] Although Plaintiff also refers to 42 U.S.C. § 1983 in his complaint, he is a federal prisoner, and *Bivens* provides federal inmates a cause of action analogous to § 1983 when the alleged perpetrators are federal, not state, employees.

(4:20CV1825)

Officer. He laid down on the grass and waived several staff members over to him, including Defendant Nestle. *Id*. The staff members asked Plaintiff what he was doing and if he was high on "deuce." *Id*. He replied "no," insisted that something was wrong with his heart, complained of pain in his abdomen, and they assisted him into the compound cart and drove him over to medical, and he was assessed by Defendant McConnell. *Id*.

Plaintiff alleges his "vitals were administered," but that McConnell's demeanor changed when he viewed Plaintiff's medical file. ECF No. 1-2 at PageID #: 8. McConnell allegedly stated "you're always coming in here for different symptoms, nothing is wrong with you, go back to your Unit." *Id*. Plaintiff alleges he pleaded with McConnell not to send him back to his Unit and insisted there was something seriously wrong with him, but McConnell responded that it was "anxiety" and that Plaintiff should "just relax." *Id*. Sent back to his Unit with "no further medical assessment, EKG, or treatment," plaintiff alleges his "mental status and condition continued to worsen" and he began to vomit. *Id*. Nestle and others told him there was nothing further they could do for him because he had been medically cleared and that he probably just had IBS or was high on deuce. *Id*.

Plaintiff alleges he continued to plead for help and around 9:30 p.m., was able to press the Emergency Button with help from other inmates. ECF No. 1-2 at PageID #: 8. Although he asserts his memory beyond this point is "spotty and disoriented," he alleges he was eventually rushed to Salem Regional Medical Center, and "was sent to ICU with Hyponatremia, Altered Mental Status, [and] Seizure Precaut[ion,] and had a dangerous low sodium level of 119." *Id*.

2

(4:20CV1825)

He alleges he was released the next morning and "prescribed medical follow up," which he was "left unaware to by Dr. Dunlap" and which was never administered to him. *Id*.

Seeking $50 million in damages, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of his right under the Eighth Amendment, and committed negligence and intentional torts under state law. ECF No. 1-2 at PageID #: 9.

## II. Standard of Review

The Court has granted Plaintiff's motion for leave to proceed *in forma pauperis* by separate order. Accordingly, his complaint is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

To survive a dismissal, a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71. A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

While detailed allegations are not required, a complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, although

3

(4:20CV1825)

*pro se* pleadings are liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment afforded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Liberal construction does not require a court to conjure allegations on a litigant's behalf[.]". *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### III.  Analysis

The Eighth Amendment forbids prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs.  *See Estelle*, 429 U.S. at 104; *see also Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) ("Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment.").  To state a constitutional deliberate indifference claim, a prisoner must demonstrate both objective and subjective components.  He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, *and*, that each defendant in question acted with subjective deliberate indifference to that risk.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).

To demonstrate the required subjective component of a claim, a "plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *see Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (to prove the subjective element, a plaintiff must show that the prison official in question "(1) subjectively knew of a risk to the inmate's

4

(4:20CV1825)

health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk"). "Deliberate indifference is characterized by obduracy or wantonness  it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). In the medical context, the Supreme Court has repeatedly emphasized that "an inadvertent failure to provide adequate medical care" is insufficient to state a claim, and the Sixth Circuit has repeatedly reminded prisoners that disagreements regarding care do not rise to the level of an Eighth Amendment violation. *Id.* (citing *Estelle*, 429 U.S. at 105 06); *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976).

Even assuming for purposes of this analysis that Plaintiff's allegations are sufficient to demonstrate the objective component of a claim, he has not alleged facts sufficient to demonstrate the subjective component with respect to any Defendant. Plaintiff alleges that there were times at which Defendants Nestle and McConnell were slow to respond to his complaints, or that they responded in a way that Plaintiff disagreed with. However, as Plaintiff asserts, Nestle transported him to medical in response to his complaints of pain, and Nurse McConnell assessed his condition.

When "a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts generally are reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860, n.5. Even assuming that Defendants Nestle and McConnell were somehow wrong or negligent in assessing Plaintiff's condition, such classic negligence or medical malpractice in insufficient to state a constitutional deliberate indifference claim under the Eighth Amendment. *See Estelle,*

5

(4:20CV1825)

429 U.S. at 106-107; *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005) ("[d]eliberate indifference requires a degree of culpability greater than mere negligence"); *see also Weaver v. Shadoan*, 340 F.3d 398, 411-12 (6th Cir. 2003) (police officer's belief that a pretrial detainee was faking an illness did not support an inference that the officer acted with deliberate indifference). Plaintiff's alleged dissatisfaction with his initial consultation, or the speed at which he was brought to the hospital do not rise to the level of deliberate indifference.

Plaintiffs' allegations also do not support a plausible claim that Dr. Dunlap was deliberately indifferent to his needs. The only allegation Plaintiff makes with respect to Dr. Dunlap is that he did not inform Plaintiff of unspecified "follow up" prescribed for him when he was released from the Salem Regional Medical Center. This allegation alone is insufficient to support a plausible inference that Dr. Dunlap knew of or drew an inference that Plaintiff was at a substantial risk of serious harm at any time.

To the extent Plaintiff also purports to assert constitutional damage claims against the Warden, Acting Warden, and unspecified Medical Supervisor, he has also failed to state a claim. Liability of supervisory officials cannot be established under *Bivens* solely on the basis of *respondeat superior* or the right to control employees. *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012). "In order to state a claim under *Bivens*, a plaintiff must allege that the individual defendant was personally involved in the alleged deprivation of Plaintiff's constitutional rights." *Robinson v. United States*, No. 4:18CV1817, 2019 WL 1255208, at *3 (N.D. Ohio Mar. 19, 2019) (collecting cases). To state a civil rights claim, "even a *pro se* prisoner must link his allegations to material facts . . . and indicate what each defendant did to

6

(4:20CV1825)

violate his rights." See *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019). Plaintiff has not alleged any facts regarding specific conduct or personal participation of the Warden, Acting Warden, and Medical Supervisor in the misconduct he alleges, and so he cannot state a claim against them, even if his constitutional rights had been violated by the subordinate officers. Speculative and conclusory assertions that these supervisors failed to train and supervise employees are insufficient to state a claim.

Finally the BOP is not a proper party to a *Bivens* action. The United States has not waived its sovereign immunity for *Bivens* claims asserted against the United States government, its agencies or its employees in their official capacities. See *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484  86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991); *see also Okoro v. Scibana*, No. 02  1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003) (stating that a federal prisoner cannot bring a Bivens action against the Bureau of Prisons).

### III.  Conclusion

For the foregoing reasons, the Complaint fails to state a federal civil rights claim, and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  January 29, 2021                   /s/ *Benita Y. Pearson*
 Date                               Benita Y. Pearson
                                    United States District Judge

---

[2] This dismissal is without prejudice to any state law claim Plaintiff may properly assert against Defendants on the alleged facts in state court, over which the Court declines to exercise supplemental jurisdiction.