UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VLADIMIR BRIK, | ) | CASE NO. 4:20-cv-01825 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| C. MCDONNELL et al., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

Plaintiff Vladimir Brik ("Plaintiff") filed this federal civil rights action on August 17, 2020. (ECF No. 1). On January 29, 2021, the District Court sua sponte dismissed this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 6). Plaintiff appealed the dismissal on February 16, 2021. (ECF No. 8). On February 7, 2022, the Sixth Circuit Court of Appeals vacated the judgment to the extent that it dismissed Plaintiff's deliberate indifference claim against Defendant James Nessle ("Nessle") and vacated the judgment dismissing all of Plaintiff's state-law claims. (ECF No. 10). The Sixth Circuit remanded this action to this Court for further proceedings. (*Id.*).

On January 9, 2023, Defendants United States of America and Nessle (collectively "Defendants") filed a Motion to Dismiss (ECF No. 30). Plaintiff opposed the motion on March 9, 2023. (ECF No. 34). Defendants replied on April 17, 2023. (ECF No. 37). On April 24, 2023, Magistrate Judge Carmen E. Henderson filed a Report and Recommendation ("R&R"). (ECF No. 38). Plaintiff objected to the R&R on May 8, 2023. (ECF No. 39). Defendants responded on June 6, 2023. (ECF No. 41). For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R and the motion is **GRANTED**.

## I. BACKGROUND

### A. The Medical Emergency

Plaintiff is an inmate at FCI Elkton. (ECF No. 10, PageID# 57). In August 2020, he filed a Complaint (ECF No. 1), claiming that prison employees and officers were deliberately indifferent to his serious medical needs. (ECF No. 10, PageID# 57). Plaintiff alleges that on June 23, 2018, he was extremely fatigued and experienced "chest pains from an irregular high and hard heart rate and an obstructive-like pain in my abdomen." (*Id.*). He left his cell for assistance, laid down on the grass, and summoned staff, including Nessle, to him. (*Id.*). Plaintiff was asked if he was on drugs and he replied no and informed them that something was wrong with his heart. (*Id.* at PageID# 57-58).

Plaintiff was then transported to the infirmary where he informed Defendant Nurse C. McConnell ("McConnell") that he has been taking Milk of Magnesia several times a week and that "something was seriously wrong with my heart and abdomen." (*Id.* at PageID#58). Plaintiff further alleges that once McConnell read Plaintiff's medical file, "his demeanor changed" and McConnell said "[Y]ou're always coming in here for different symptoms, nothing is wrong with you, go back to your Unit." (*Id.*). Plaintiff claims that he reiterated that he believed he had an issue with his heart, but McConnell told him it was anxiety and to relax; Plaintiff was sent back to his cell without further examination. (*Id.*).

Plaintiff avers that his symptoms worsened, including vomiting. But corrections officers, including Nessle, initially failed or refused to help him because he has been "medically cleared" or because they believed he was high. (*Id.*). Eventually, staff recognized that Plaintiff was seriously ill and arranged for his transport to the hospital. (*Id.*). Plaintiff was placed in the Intensive Care Unit ("ICU") and diagnosed with hyponatremia, altered mental status, and seizures.

(*Id*.). Plaintiff claims that the next morning a nurse told him that his sodium and potassium levels were dangerously low and that he nearly went into cardiac arrest. (*Id*.). Plaintiff alleges that he was given follow-up care instructions, but Defendant Dr. Dunlap ("Dr. Dunlap") never implemented them. (*Id*.).

### B. Plaintiff's Claims

In his Complaint, Plaintiff claims that McConnell and Nessle were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (*Id*.). Plaintiff also asserts several state-law claims against all Defendants for negligent supervision and intentional infliction of emotional distress; and against Dr. Dunlop for intentionally delaying or refusing to implement his post-charge treatment plan. (*Id*. at PageID# 59). Plaintiff requests $50,000,000 in compensatory damages, as well as attorney's fees and costs. (*Id*.).

### C. Sua Sponte Dismissal

The District Court held that Plaintiff failed to state a deliberate indifference claim against Nessle and McConnell because Nessle transported him to the infirmary and McConnell assessed his condition. (*Id*.). Therefore, the district Court found that Plaintiff pleaded nothing more than a negligence or malpractice claim. (*Id*.).

### D. Appeal

As to the deliberate indifference claim against Nessle, the Sixth Circuit held that the District Court correctly found that Nessle transported Plaintiff to the infirmary, so he would not be liable up to that point. (*Id*. at PageID# 61). However, the Sixth Circuit found that the District Court overlooked Plaintiff's allegations that Nessle failed or refused to summon medical attention for Plaintiff after he was discharged from the infirmary, (1) despite being aware that Plaintiff was vomiting and suffering from increased pain and (2) after Nessle deduced that Plaintiff was high.

3

(*Id*.). The Sixth Circuit found that based on Plaintiff's condition and suspicions of drug use, as well as expressed concern for Plaintiff, Nessle could draw the inference that Plaintiff faced a serious risk of harm. (*Id*.).

As to the state-law claims, the Sixth Circuit found that because Plaintiff stated a plausible federal deliberate indifference claim against Nessle, it would reinstate the state-law claims and remand them to the District Court for further proceedings. (*Id*. at PageID# 61-62).

### E. Motion to Dismiss

In their Motion to Dismiss, Defendants alleged that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (ECF No. 38, PageID# 188). They further moved to dismiss the remaining state-law claims as Plaintiff has not filed a tort claim as to his state-law claims for injury, as required by the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2675(a). (ECF No. 30; ECF No. 38, PageID# 188-89). In opposition, Plaintiff argued that his failure to exhaust remedies should be excused because he was prevented from doing so by "intimidation, machination, and retaliation" resulting from his engaging in the grievance process. (ECF No. 34, PageID# 1; ECF No. 38, PageID# 189). Plaintiff did not address Defendants' motion to dismiss his state-law claims. (ECF No. 38, PageID# 189; *See* ECF No. 34). In their reply in support of the motion, Defendants argued that Plaintiff's failure to timely exhaust his administrative remedies occurred prior to his allegations of intimidation and harassment. (ECF No. 37, PageID# 1, PageID# 1; ECF No. 38, PageID# 189). Additionally, Defendants restated that making an administrative tort claim is mandatory under the FTCA and Plaintiff's failure to comply requires dismissal of the state-law claims. (*Id*.).

4

## II. LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt a report and recommendation without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

## III. LAW AND ANALYSIS

### A. Failure to Pursue Administrative Remedies

The Magistrate Judge properly found that exhaustion is required for this action.  (ECF No. 38, PageID# 190).  Under the PLRA "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001).

The Magistrate Judge found that The Bureau of Prisons ("BOP") Administrative Remedy Program required Plaintiff to file a formal written complaint, on a form BP-9, no later than 20 calendar days from the date of the incident – June 23, 2018.  (ECF No. 38, PageID# 192; *See* 28 C.F.R. § 542.14(a)).  Therefore, Plaintiff was required to file the complaint no later than July 13, 2018.  (*Id.*).  Indeed, Plaintiff failed to file a formal written complaint on a form BP-9.  Instead, Plaintiff filed a form BP-8 on May 4, 2020, and six weeks later he filed a form BP-10 indicating that submitting a BP-9 would be futile.  (ECF No. 34, PageID #1,2; ECF No. 38, PageID# 192).

Plaintiff filed a form BP-8 almost two-years after the incident, and never filed a form BP-9. Further, the Magistrate Judge correctly found that Plaintiff failed to demonstrate that he made reasonable attempts to timely file a BP-9, as the alleged intimidation occurred six weeks before he filed his BP-8 on May 4, 2020.  (*Id*.).

In his objection, Plaintiff argues that pursuing administrative remedies for his deliberate indifference claim was unreasonable prior to the subsiding of his medical condition or his transfer to a new prison due to fear of staff retaliating.  (ECF No. 39, PageID# 196).  He further questions "[h]ow would staff respond to a likely future emergency for his ongoing health issue, if he initiated a [*Bivens*] complaint 20 days after the first deliberate indiffen[ce] incident?".  (*Id*.).  His objection to the R&R is the first instance in which Plaintiff presents this argument to the Court.  Therefore, this argument is waived.  *Murr v. U.S.,* 200 F.3d 895, 902 n. 1 (6th Cir.2000) ("Absent compelling reasons, parties objecting to a report and recommendation (R&R) of a magistrate judge cannot raise at the distract court stage new arguments or issues that were not presented to the magistrate."). Plaintiff also restates that he faced intimidation in response to pursuing his claims.  (ECF No. 39, PageID# 196).  However, Plaintiff has failed to provide any evidence of intimidation, retaliation, or harassment aside from his general allegations that it occurred.  General allegations of this kind do not excuse Plaintiff from satisfying the exhaustion requirement under the PLRA.  *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997-98 (6th Cir. 2004).  Exhaustion is required even when an inmate believes that the administrative remedy is not available or that the procedure is ineffectual or futile.  *Napier v. Laurel Cnty., Ky*., 636 F.3d 218, 222 (6th Cir. 2011).  Accordingly, Plaintiff's remaining federal claim for deliberate indifference against Nessle is **DISMISSED**.

B. **State-Law Claims**

The Magistrate Judge recommends dismissal of Plaintiff's state-law claims as a result of

the dismissal of Plaintiff's federal claim for deliberate indifference. (ECF No. 38, PageID# 193). District courts have "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." *Id*. "If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Wojnicz v. Davis*, 80 Fed.Appx. 382, 384–85 (6th Cir. 2003) (citing *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)). The Court agrees that Plaintiff's remaining federal claim be dismissed. Accordingly, the Court declines to exercise supplemental jurisdiction and Plaintiff's state-law claims are **DISMISSED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Henderson's R&R, incorporates it fully herein by reference, and **DISMISSES** the Complaint **WITHOUT PREJUDICE**. The Court finds, after *de novo* review, that Plaintiff failed to pursue his administrative remedies, and the Court declines to extend supplemental jurisdiction over Plaintiff's state-law claims, for the reasons stated. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith.

**IT IS SO ORDERED.**

Date: March 22, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**