UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VLADIMIR VLADIMIROVICH BRIK, | ) | CASE NO. 4:20-cv-1825 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| C. MCDONNELL, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

This matter is before the Court on remand from the Sixth Circuit Court of Appeals for consideration of Plaintiff Vladimir Brik's notice of appeal (ECF No. 47), which has been construed as a motion to reopen the time to appeal pursuant to Fed. R. App. P. 4(a)(6). (ECF No. 48). For the reasons discussed below, the Rule 4(a)(6) motion is **GRANTED**.

I.   **BACKGROUND**

On March 22, 2024, the Court issued a final order and judgment adopting the magistrate judge's report and recommendation and dismissing the complaint without prejudice. (ECF Nos. 45, 46). Thus, Plaintiff's notice of appeal should have been given to prison officials for mailing on or before April 22, 2024. Fed. R. App. P. 4(a)(1), 6(a). Plaintiff's notice of appeal is dated May 28, 2024 and was received by the Court on June 4, 2024. (ECF No. 47). In the notice of appeal, Plaintiff asserts that no notice of the final judgment was sent to him through mail, and he first became aware of the final judgment on May 28, 2024 by checking the docket via PACER. (*Id.* at PageID #224). On September 6, 2024, the Sixth Circuit held that Plaintiff's notice of appeal satisfied the requirements of a motion to reopen pursuant to Fed. R. App. P. 4(a)(6) and remanded

the case for the limited purpose of considering whether the time for filing a notice of appeal should be reopened.  (ECF No. 48).

The Court set deadlines for Defendants to file a response to the construed Rule 4(a)(6) motion and for Plaintiff to file any reply in support of the motion.  (ECF No. 49).  Defendants' response in opposition argues that Plaintiff has not demonstrated reopening is warranted under Rule 4(a)(6) because he has failed to provide affidavits or other evidence supporting the alleged non-receipt.  (ECF No. 50, PageID #231–32).  Defendants concede, though, that they will not be prejudiced if the Court were to grant the Rule 4(a)(6) motion.  (*Id.* at PageID #232 n.1).  In his reply in support, Plaintiff asserts that: (i) he was transferred to a halfway house on June 15, 2023 to serve the remainder of his sentence through halfway house/home confinement; (ii) this transfer was chaotic and it was difficult to maintain correspondence with the Court; (iii) Plaintiff instructed the halfway house to notify him of any mail and forward all mail to his residence; (iv) the final judgment was never forwarded to Plaintiff; and (v) he immediately filed the notice of appeal after receiving notification of the final judgment on PACER.  (ECF No. 51).  Plaintiff signed his reply under the penalty of perjury.  (*Id.*).

II. **LAW AND ANALYSIS**

When a party claims that he failed to receive notice of a judgment, "Rule 4(a)(6) allows the district court to extend the time afforded to file a notice of appeal." *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005).  Federal Rule of Appellate Procedure 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but *only if all the following conditions are satisfied*:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

Plaintiff has satisfied all three requirements under Rule 4(a)(6). First, the Court finds that Plaintiff did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment within 21 days after entry. Plaintiff's pleadings indicate that he never received a copy of the final judgment and he did not receive notice of it until May 28, 2024. (ECF Nos. 47, 51). Plaintiff's reply in support of the Rule 4(a)(6) motion constitutes a sworn declaration and qualifies as evidence supporting non-receipt of the final judgment. *Cf. Novel v. New York*, No. 2:13-cv-0698, 2015 U.S. Dist. LEXIS 146876, 2015 WL 6542413, at *3 (S.D. Ohio Oct. 29, 2015) ("Even a simple affidavit could provide the supporting evidence a court needs to make the required findings."). Defendants do not provide any evidence to undermine or contradict Plaintiff's assertions. Second, the construed Rule 4(a)(6) motion was filed 67 days after the final judgment was entered and the same day Plaintiff received notice of the entry. (ECF Nos. 46, 47, 51). Finally, the Court finds that no party would be prejudiced by reopening the time to appeal—particularly in light of Defendants' concession that they would not be prejudiced if the time to appeal was reopened. (ECF No. 50, PageID #232 n.1). Accordingly, the Court **GRANTS** Plaintiff's Rule 4(a)(6) motion to reopen the time to file an appeal.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 4(a)(6) motion to reopen the time to appeal (ECF No. 47) is **GRANTED**. Because Plaintiff already filed his notice of appeal on May 28, 2024, that

3

notice is deemed timely filed. The Clerk of Court is instructed to return this matter to the Sixth Circuit for further proceedings.

**IT IS SO ORDRED.**

Date: October 15, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**